MATTER OF WELLHOFER

In Section 245 Proceedings

A-17291382

*Decided by Regional Commissioner November 21, 1967*

A section 245 applicant is not precluded by the provisions of section 212(a)(24) of the Immigration and Nationality Act from establishing statutory eligibility for adjustment of status under the provisions of section 245 of the Act, as amended.

ON BEHALF OF APPLICANT: Lena Orlow Ginsburg, Attorney at Law
3124 Van Ness Boulevard
Fresno, California 93704

The application was denied by the District Director on the ground that the applicant is statutorily ineligible for the status he seeks. In view of the issues presented, the Regional Commissioner will assume jurisdiction in the matter by certification pursuant to 8 CFR 103.4.

Applicant, a 28-year-old single male, native and citizen of Germany, entered the United States as a visitor on January 5, 1967. He now seeks status as a resident alien under section 245 of the Act. As a native of Germany a nonpreference visa number is immediately available and has been allocated to him. A certification has been issued by the Bureau of Employment Security pursuant to section 212(a)(14) of the Act. With the exception of the American Consul in Bermuda, checks made with other agencies disclosed nothing derogatory towards the alien. The United States Public Health Service found the applicant to be admissible for permanent residence on medical grounds. The Consul's finding will be later discussed herein.

The District Director in his consideration of the case found the applicant to be excludable from the United States as an alien seeking admission from an adjacent island, having arrived there on a non-signatory line, or if signatory a noncomplying transportation line, and who has not resided on such island for a period of at least two years after arriving on such adjacent island. On this basis the District Director found the applicant not eligible for adjustment under section 245 on the ground that he was inadmissible for permanent residence under

section 212(a)(24) of the Act. For the reasons set forth below we do not concur with the District Director in his conclusion on this point.

The record reveals that the alien arrived in Bermuda by air on a British Overseas Airways Corporation flight, hereafter referred to as BOAC, and in the United States on the same airline. While the regulations (8 CFR 238.2(b)(2)) lists BOAC as having a current agreement with the Service regarding alien arrivals in Bermuda, a review of this agreement executed under section 238(a) of the Act reveals that it contains a condition in addition to those printed on the standard "Agreement (overseas) Between Transportation Line and United States" (Form I-421). This added condition reads as follows: "3(a). This agreement shall be held to waive the provisions of section 212(a)(24), Immigration and Nationality Act, *solely* with respect to immigrants who are in possession of United States immigrant visa when they arrive at Bermuda on aircraft of British Overseas Airways Corporation" (emphasis supplied). Since our applicant did not arrive in Bermuda with an immigrant visa, the District Director found him inadmissible for permanent residence.

The section 238(a) agreement entered into by BOAC with respect to its alien passengers from Bermuda is specifically limited to aliens who were in possession of valid United States immigrant visas when they arrived at Bermuda on that carrier. The effect of this limitation is that it takes out of the exclusion provisions of section 212(a)(24), with respect to aliens brought to Bermuda by BOAC, *only* those who were brought there in possession of United States immigrant visas. In other words, BOAC only undertook liability on its alien passengers who had obtained immigrant visas, and on their way to the United States were stopping in Bermuda briefly for vacation, business or other purposes. Thus, an alien brought by BOAC to that island without an immigrant visa would be ineligible under section 212(a)(24) for issuance of such visa *in Bermuda* unless he had completed the required two years residence. Since our applicant was issued a non-immigrant visa in Bermuda, section 212(a)(24) did not make him inadmissible to the United States as a nonimmigrant in view of the regulatory waiver found in 8 CFR 212.4(e).

An applicant for section 245 adjustment is in the same posture as though seeking an immigrant visa before a consular officer abroad. The eligibility of the applicant alien for adjustment under section 245 is conditioned, *inter alia*, upon his eligibility to receive a visa and his admissibility to the United States for permanent residence at the present time and *not* upon whether he would have been admissible as an immigrant at the time of his entry from Bermuda. The bar in section 212(a)(24) is against aliens seeking admission from foreign con-

tiguous territory or adjacent island. Our applicant seeks adjustment of status in the United States to that of an alien lawfully admitted for permanent residence. Therefore, the foregoing provision has no bearing on his statutory eligibility for adjustment. We conclude that an applicant for adjustment under section 245 is not precluded therefrom by section 212(a)(24) of the Act.

We return now to comments submitted by the American Consul in Bermuda. In response to a request for information from their files concerning the applicant, the Consul advised that according to his records the applicant was inadmissible for permanent residence under section 212(a)(19) of the Act. The Consul advises that the applicant intended to go to the United States to reside notwithstanding his statement that he intended to visit only. The Consul bases this finding on the applicant's statement on his application for a visitor visa that he, the applicant, was to visit in the United States on his way back to Germany where he would continue the processing of his immigrant visa application and that the visit in the United States was incidental to his return to Germany. The Consul further advised that applicant's reason for return to Germany was his ineligibility to receive an immigrant visa in Bermuda under section 212(a)(24) of the Act.

There is evidence in the file that the applicant has submitted an application for an immigrant visa in Europe. But, this in itself does not preclude the grant of resident alien status under section 245. An alien may be both an applicant for an immigrant visa abroad and a bona fide nonimmigrant in the United States and adjustment may be granted such an applicant. (*Matter of H—R—*, 7 I. & N. Dec. 651.)

In connection with the instant application the alien was interviewed. He stated that his purpose in entering the United States was to visit; that he had sufficient funds to accomplish his visit; and that he had in his possession the return portion of his airline ticket from the United States to Germany. He further stated that he had applied for an immigrant visa at the American Consul located in Vienna, and that on the day before he left Bermuda for the United States he received notice from the consulate at Vienna that his Labor Department certification had been received. In response to a question concerning the filing of his application for adjustment he stated that since he had received notification of certification issued to him, he went to the local Service office and explained his situation. Based on Service furnished information concerning section 245 of the Act he submitted the instant application. In view of the foregoing it is concluded that the circumstances under which the applicant procured his visitors visa in Bermuda and his entry into the United States do not bring him within section 212(a)(19) of the Act.

This record has been carefully considered and it is found that the applicant is statutorily eligible for the status he seeks and since he has acted in good faith it is concluded that the application warrants favorable exercise of the Attorney General's discretion. The application will be granted.

Since the action taken herein grants the maximum relief sought by the alien it will be assumed that counsel waives the notice of certification required by 8 CFR 103.4.

**ORDER:** It is ordered that the application be and the same is herewith granted.